**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**

**v.**                                        **Case No. 4:15-cr-00200-02 KGB**

**DARIUS ANTONIO GOODMAN**                                                       **DEFENDANT**

<u>**ORDER**</u>

Before the Court is defendant Darius Antonio Goodman's motion for compassionate release (Dkt. No. 162). The government responded (Dkt. No. 165). Mr. Goodman submitted additional information for consideration and filed a reply (Dkt. Nos. 166, 168, 169). The government filed a brief regarding the Court's jurisdiction to hear this matter (Dkt. No. 172). Mr. Goodman filed a supplement in support of his motion (Dkt. No. 173). The Court requested that the government provide to the Court under seal Mr. Goodman's medical records for review in evaluating Mr. Goodman's motion for compassionate release (Dkt. No. 174). The government submitted under seal Mr. Goodman's medical records (Dkt. No. 175), which the Court has now reviewed. For the following reasons, the Court denies Mr. Goodman's motion for compassionate release at this time (Dkt. No. 162).

    **I.**    **Background**

On May 16, 2016, Mr. Goodman pled guilty to distribution of methamphetamine actual in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Dkt. Nos. 98, 99). This Court sentenced Mr. Goodman in September 2016 to 87 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 114, 115). Mr. Goodman did not appeal his sentence.

In the pending motion, Mr. Goodman states that he should be granted compassionate release because the BOP is not doing enough to protect him from COVID-19 (Dkt. No. 162). He

also contends that his glaucoma and diabetes, as well as his race and weight, make him more susceptible to COVID-19 (Dkt. Nos. 162, 166).   He maintains that he is free of any serious prison disciplinary issues and has completed numerous educational and vocational courses since being incarcerated.   He asks to be released to home confinement.   The government argues that compassionate release is not warranted in this case.

On June 8, 2020, the Court directed the government to respond to the issue of exhaustion based on the record before the Court (Dkt. No. 170).   In its most recent filing, the government states that it "will not object if the Court construes [Mr. Goodman's] email to the warden as a request for compassionate release and determines that it has jurisdiction" to consider Mr. Goodman's request for relief (Dkt. No 172, at 2).   Accordingly, the Court will proceed as if Mr. Goodman exhausted his administrative remedies.

## II.   Discussion

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).   *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).   The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.   *See id.*; *accord* 18 U.S.C. § 3624(c)(2).   Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.   To the extent Mr. Goodman seeks relief from this Court under the CARES Act, the Court denies his motion.

Mr. Goodman in his reply argues that the conditions of his confinement are unconstitutional (Dkt. No. 168).   The government asserts that, to the extent he intends to bring such a claim, Mr. Goodman should do so in a separate action and requests that this Court not consider such a claim in this action, as the government asserts Mr. Goodman first raised this argument in reply (Dkt. No. 172, at 1 n.1).   Mr. Goodman filed his current motion as a request for compassionate release in his criminal case.   The Court declines to address Mr. Goodman's arguments regarding the purported unconstitutionality of the conditions of his confinement.   To the extent Mr. Goodman intends to bring a claim challenging as unconstitutional the conditions of his confinement, he must file a separate civil action to do so.

As explained, the Court interprets his motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582).   For the following reasons, the Court denies Mr. Goodman's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."   *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.   *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).   The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.   *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.   The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.   *See* 18 U.S.C. § 3582(c)(1).   Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   The BOP may oppose a defendant's motion for compassionate release.   The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.   The Court acknowledges that this list predates the COVID-19 outbreak.   U.S.S.G § 1B1.13 cmt. n.1.   The examples are:   (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family

circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Goodman seeks compassionate release because he alleges that his health conditions, glaucoma and diabetes, make him more susceptible to suffering serious illness or death if he were to contract COVID-19 (Dkt. No. 162, at 9). Further, Mr. Goodman represents that he takes a variety of medications (*Id.*). Mr. Goodman filed a supplement in support of his motion (Dkt. No. 173). The Court requested that the government provide to the Court under seal Mr. Goodman's medical records for review in evaluating Mr. Goodman's motion for compassionate release (Dkt. No. 174). The government submitted under seal Mr. Goodman's medical records (Dkt. No. 175), which the Court has now reviewed. Based on the entire record before the Court, although the Court is sympathetic to Mr. Goodman, Mr. Goodman's reported health conditions and the current circumstances do not qualify as "extraordinary and compelling." Further, under the circumstances presented here, the Court determines that fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release.

Mr. Goodman is 40 years old and has completed approximately 60% of his sentence (*Id.*, at 11), which means he meets neither the minimum age nor the served-time requirement under the Guidelines.

Even if Mr. Goodman could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered.   Specifically, here, the Court considers the nature and circumstances of the offense, the history and characteristics of Mr. Goodman, and protecting the public from additional crimes by Mr. Goodman.   *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).   With respect to the instant offense, on numerous occasions in 2014, Mr. Goodman sold a confidential informant various amounts of methamphetamine.   Mr. Goodman also attempted to sell a firearm to the confidential informant, but Mr. Goodman failed to bring the firearm to the meet-up point.   With respect to Mr. Goodman's prior criminal history, it includes convictions for battery, delivery of cocaine, domestic battery, and felon in possession of a firearm.   In fact, he committed the instant offense of conviction giving rise to his current sentence while on parole for a felon-in-possession conviction.

Mr. Goodman represents that he has remained free from "any serious prison disciplinary issues" and "is violence and gang free." (Dkt. No. 162, at 8).   Mr. Goodman also states that he has completed numerous educational courses and vocational training, and he has readily available housing and release plans (*Id.*, at 8-9).   The Court understands that Mr. Goodman has taken steps toward rehabilitation and commends him for those steps, but based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time.

### III.      Conclusion

Based on the findings of fact and conclusions of law above, the Court denies defendant

Darius Antonio Goodman's motion for compassionate release (Dkt. No. 162).

So ordered this 8th day of October, 2020.

_Kristine G. Baker_
Kristine G Baker
United States District Judge