IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                              Case No. 4:15-cr-00200-02 KGB

DARIUS ANTONIO GOODMAN                                                              DEFENDANT

## ORDER

Defendant Darius Antonio Goodman has filed a motion for early termination of supervised release (Dkt. No. 189).  The government has responded in opposition (Dkt. No. 191).

Mr. Goodman plead guilty to a charge of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Dkt. Nos. 99–100).  On September 8, 2016, the Court sentenced Mr. Goodman to 87 months of imprisonment, four years of supervised release, and a $100 special assessment (Dkt. No. 113–15).  Contrary to the date Mr. Goodman represents in his motion, based on information from the United States Probation Office, Mr. Goodman started his supervision on May 25, 2022 (Dkt. No. 191, at 1).

In support of his motion, Mr. Goodman claims that he has completed at least 12 months of supervision and represents that he has complied with all conditions of supervision.  In response, the government asserts that Mr. Goodman has had certain violations of his conditions of supervision by testing positive for controlled substances, and the government argues that Mr. Goodman has not set forth any new or exceptional circumstances to justify early termination of supervised release (*Id*., at 1, 3).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the specific, enumerated factors of 18 U.S.C. § 3553(a) that the Court is permitted to consider, the Court

concludes that such action is warranted by the conduct of the defendant and is in the interest of justice. As he has served more than one year of supervised release, Mr. Goodman is eligible for early termination of the remainder of his supervised release under 18 U.S.C. § 3583(e). The Court determines that Mr. Goodman has not complied with all conditions of supervision, as he has tested positive for controlled substances periodically during his term of supervised release. Further, Mr. Goodman does not provide any reason why early termination of his supervised release would serve the interests of justice.

Mere compliance with the terms of supervised release does not justify early termination because compliance is expected. Without more, and based on the facts of this particular case, early termination cannot be justified. While Mr. Goodman has made progress on completing the terms of his sentence, he has not made substantial progress such that the interests of justice support early termination. Therefore, this Court denies without prejudice Mr. Goodman's motion for early termination of supervised release (Dkt. No. 189).

It is so ordered this 19th day of May, 2025.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge